## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. MEDINA,

                    Plaintiff,

    -against-

DASH FILMS INC., DAMON DASH
PROMOTIONS LLC, DAMON DASH MUSIC
GROUP LLC, DAMON DASH ENTERPRISES I
LLC, DAMON DASH AND KANYE WEST,

                  Defendants.

Civil Action No.
1:15-cv-02551 (KBF)

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
## WEST'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

Brad D. Rose
Tom J. Ferber
Dyan Finguerra-DuCharme
PRYOR CASHMAN LLP
7 Times Square
New York, New York 10036
Tel.: (212) 421-4100
Fax: (212) 798-6307

*Attorneys for Defendant Kanye West*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................ ii

I.   THE ALLEGATIONS IN THE SAC ARE NOT PLAUSIBLE .........................................2

II.  A LIKELIHOOD OF CONFUSION MUST BE PARTICULARLY
     COMPELLING TO AVOID DISMISSAL UNDER THE *ROGERS* TEST .......................4

III. THE TITLE "LOISAIDAS" IS NOT EXPLICITLY MISLEADING ...............................5

IV.  THE TITLE "LOISAIDAS" CONSTITUTES STATUTORY FAIR USE.........................8

V.   PLAINTIFF'S STATE LAW CLAIMS ALSO SHOULD BE DISMISSED ...................10

# TABLE OF AUTHORITIES

<u>CASES</u>                                                                                          <u>PAGE(s)</u>

Ahmed v. GEO USA LLC,
　　No. 14-CV-7486 (JMF), 2015 U.S. Dist. LEXIS 39679 (S.D.N.Y. Mar. 27, 2015) ..... 3, 7

Arrow Prods. v. Weinstein Co.,
　　44 F. Supp. 3d 359 (S.D.N.Y. 2014) ....................................................................... 6, 10

Ashcroft v. Iqbal,
　　556 U.S. 662 (2009) ................................................................................................ 2, 10

Boarding Sch. Review, LLC v. Delta Career Educ. Corp.,
　　No. 11 Civ. 8921 (DAB), 2013 U.S. Dist. LEXIS 48513 (S.D.N.Y. Mar. 29, 2013) ....... 7

Brown & Brown, Inc. v. Cola,
　　745 F. Supp. 2d 588 (E.D. Pa. 2010) ............................................................................ 7

C&L Int'l Trading, Inc. v. American Tibetan Health Inst.,
　　No. 13 Civ. 2763 (LLS), 2013 U.S. Dist. LEXIS 164393 (S.D.N.Y. Nov. 18, 2013) ....... 4

Car-Freshner Corp. v. S.C. Johnson & Son,
　　70 F.3d 267 (2d Cir. 1995) .............................................................................. 8, 9, 10

Charles Atlas, Ltd. v. DC Comics, Inc.,
　　112 F. Supp. 2d 330 (S.D.N.Y. 2000) .......................................................................... 10

Clark v. United States,
　　No. 13-490C, 2015 U.S. Claims LEXIS 750 (Fed. Cl. June 12, 2015) ............................ 2

Cosmetically Sealed Indus. v. Chesebrough-Pond's USA Co.,
　　125 F.3d 28 (2d Cir. 1997) ............................................................................................ 3

Cummings v. Soul Train Holdings LLC,
　　67 F. Supp. 3d 599 (S.D.N.Y. 2014) .......................................................................... 5, 6

Daubert v. Merrell Dow Pharms., Inc.,
　　509 U.S. 579 (1993) ...................................................................................................... 2

DeClemente v. Columbia Pictures Indus.,
　　860 F. Supp. 30 (E.D.N.Y. 1994) .................................................................................. 5

deVere Group GmbH v. Opinion Corp.,
　　877 F. Supp. 2d 67 (E.D.N.Y. 2012) .............................................................................. 7

**CASES**                                                                                    PAGE(s)

Dillinger, LLC v. Electronic Arts, Inc.,
  No. 1:09-cv-1236-JMS-DKL, 2011 U.S. Dist. LEXIS 64006
  (S.D. Ind. June 16, 2011) .................................................................................5, 6

E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc.,
  547 F.3d 1095 (9th Cir. 2008) ............................................................... 8

Fortres Grand Corp. v. Warner Bros. Entm't, Inc.,
  947 F. Supp. 2d 922 (N.D. Ind. 2013), aff'd, 763 F.3d 696 (7th Cir. 2014) ..................... 5

Gottlieb Dev. LLC v. Paramount Pictures Corp.,
  590 F. Supp. 2d 625 (S.D.N.Y. 2008) ............................................................. 2

Hensley Mfg. v. ProPride, Inc.,
  579 F.3d 603 (6th Cir. 2009) ....................................................................... 9

Kelly-Brown v. Winfrey,
  717 F.3d 295 (2d Cir. 2013) ........................................................................ 9

Kensington Publ'g v. Gutierrez,
  No. 05 Civ. 10529 (LTS)(AJP), 2009 U.S. Dist. LEXIS 110088
  (S.D.N.Y. Sept. 25, 2009) ........................................................................ 4

Kumho Tire Co. v. Carmichael,
  526 U.S. 137 (1999) ............................................................................... 2

L-7 Designs, Inc. v. Old Navy, LLC,
  647 F.3d 419 (2d Cir. 2011) ....................................................................... 2

LBF Travel v. Fareportal, Inc.,
  No. 13 Civ. 9143 (LAK) (GWG), 2014 U.S. Dist. LEXIS 156583
  (S.D.N.Y. Nov. 5, 2014) .......................................................................... 7

LaChapelle v. Fenty,
  812 F. Supp. 2d 434 (S.D.N.Y. 2011) ............................................................. 8

Lang v. Retirement Living Publ'g,
  949 F.2d 576 (2d Cir. 1991) ...................................................................... 3

Lemme v. NBC,
  472 F. Supp. 2d 433 (E.D.N.Y. 2007) ............................................................. 5

Louis Vuitton Mallatier S.A. v. Warner Bros. Entm't Inc.,
  868 F. Supp. 2d 172 (S.D.N.Y. 2012) ................................................... *passim*

**CASES** PAGE(s)

M. Shanken Communs., Inc. v. Cigar500.com,
    No. 07 Civ. 7371 (JGK), 2008 U.S. Dist. LEXIS 51997 (S.D.N.Y. July 7, 2008) ............ 9

Major League Baseball Props., Inc. v. Salvino, Inc.,
    542 F.3d 290 (2d Cir. 2008) ..................................................................................... 2

Matusovsky v. Merrill Lynch,
    186 F. Supp. 2d 397 (S.D.N.Y. 2002) ....................................................................... 8

Merck & Co. v. Mediplan Health Consulting,
    425 F. Supp. 2d 402 (S.D.N.Y. 2006) ....................................................................... 9

Montgomery v. Montgomery,
    60 S.W.3d 524 (Ky. 2001) ......................................................................................... 8

Naked Cowboy v. CBS,
    844 F. Supp. 2d 510 (S.D.N.Y. 2012) ....................................................................... 8

Navab-Safavi v. Broadcasting Bd. of Governors,
    650 F. Supp. 2d 40 (D.D.C. 2009), aff'd, 637 F.3d 311 (2011) ....................... 8

Radio Channel Networks v. Broadcast.com, Inc.,
    No. 98 Civ. 4799 (RPP), 1999 U.S. Dist. LEXIS 2577 (S.D.N.Y. Mar. 5, 1999),
    aff'd, 1999 U.S. App. LEXIS 30058 (2d Cir. 1999) ......................................... 3

Rapoport v. Asia Elecs. Holding Co.,
    88 F. Supp. 2d 179 (S.D.N.Y. 2000) ........................................................................ 8

Rin Tin Tin, Inc. v. First Look Studios, Inc.,
    671 F. Supp. 2d 893 (S.D. Tex. 2009) ...................................................................... 6

Rogers v. Grimaldi,
    875 F.2d 994 (2d Cir. 1989) ............................................................................. 4, 5, 6

Roxbury Entm't v. Penthouse Media Group, Inc.,
    669 F. Supp. 2d 1170 (C.D. Cal. 2009) .................................................................... 6

Simon & Schuster v. Dove Audio,
    936 F. Supp. 156 (S.D.N.Y. 1996) ........................................................................... 4

Stewart Surfboards v. Disney Book Grp.,
    No. 10-cv-2982 (GAF SSx), 2011 U.S. Dist. LEXIS 155444
    (C.D. Cal. May 11, 2011) ........................................................................................... 6

**CASES**                                                           **PAGE(s)**

Technomarine SA v. Jacob Time, Inc.,
    905 F. Supp. 2d 482 (S.D.N.Y. 2012) ................................................................ 2, 6, 7, 10

Twin Peaks Prods. v. Publications Int'l,
    996 F.2d 1366 (2d Cir. 1993) ........................................................................................... 4

Valencia v. Universal City Studios LLC,
    No. 1:14-CV-00528-RWS, 2014 U.S. Dist. LEXIS 174644 (N.D. Ga. Dec. 18, 2014) .... 5

Vantone Group LLC v. Yangpu NGT Indus.,
    No. 13CV7639-LTS-MHD, 2015 U.S. Dist. LEXIS 86653 (S.D.N.Y. July 2, 2015) ....... 4

Virag, S.R.L. v. Sony Comput. Entm't Am, LLC,
    No. 3:15-cv-01729-LB, 2015 U.S. Dist. LEXIS 111211 (N.D. Cal. Aug. 21, 2015) .... 5, 7

Volvo North Am. Corp. v. Men's Int'l Prof'l Tennis Council,
    687 F. Supp. 800 (S.D.N.Y. 1988) ........................................................................... 2, 3, 8

Webb v. Stallone,
    910 F. Supp. 2d 681 (S.D.N.Y. 2012), aff'd, 555 F. App'x 31 (2d Cir. 2014). ................ 2

Woodard v. Jackson,
    No. 1:03-cv-0844-DFH, 2004 U.S. Dist. LEXIS 6292 (S.D. Ind. Mar. 25, 2004) ........... 3

**STATUTES**

Fed. R. Evid. 702 ............................................................................................................................2

15 U.S.C. § 1115(b)(4) ................................................................................................................ 10

Plaintiff's opposition ("Opp. Br.") to West's motion to dismiss is notable for the points that it does *not* challenge, including:

- "Loisaida"/"Loisaidas" is a 40-year-old, officially recognized and widely-used term, which preceded Plaintiff's use by decades and is abundant in popular culture;

- the *actual contents* of the Film trump Plaintiff's *description* of such contents as a matter of law;

- Defendant's description of the Film's storyline and its use of "Loisaidas," including (i) that it concerns the Loisaidas neighborhood and its denizens; (ii) there is no "gangsta rap group known as Loisaidas" in the story; (iii) only a fraction of three of the Film's eight chapters depict characters rapping, and those three raps are by individual characters and never a group, with the three raps totaling less than four minutes of the 58.5 minute Film; and (iv) other than the title, "Loisaidas" is spoken only nine times and is displayed on screen only three times;

- there is nothing "explicitly misleading" about the Film's title and there is no affirmative claim that the Film has any association with Plaintiff or his Bachata musical duo, nor does the SAC make any such allegation.

Thus, Plaintiff's oft-repeated description of the Film as "a series of music videos" featuring a "gangsta rap group known as Loisaidas" is revealed to be pure fiction, and Plaintiff's stubborn repetition of such a fiction cannot make it a fact.

Beyond Plaintiff's mantra-like repetition of this fiction, Plaintiff's opposition offers hollow, misdirected efforts to distinguish applicable case law, and fails to respond to authorities holding, *inter alia*: that the title of a film is not its source-denoter; that because of First Amendment concerns, claims such as Plaintiff's are properly dismissed under Rule 12 lest

artistically relevant expressive uses be chilled; and that Plaintiff's state law claim also fails as a matter of law.

## I.    THE ALLEGATIONS IN THE SAC ARE NOT PLAUSIBLE

Notwithstanding Plaintiff's invocation of "fair notice" (Opp. Br. at 4), the SAC is required to be "plausible" and "plead factual content that allows the court to draw the reasonable inference" that there has been trademark infringement. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals" and "conclusory statements" are not sufficient to avoid dismissal. See Technomarine, SA v. Jacob Time, Inc., 905 F. Supp. 2d 482, 487 (S.D.N.Y. 2012) (Forrest, J.) (quoting Iqbal, 556 U.S. at 678). Finally, allegations that are plainly contradicted by reviewable evidence (such as the Film itself, or matters subject to judicial notice) are not afforded any presumption of truth. See Clark v. United States, No. 13-490C, 2015 U.S. Claims LEXIS 750, at *16 (Fed. Cl. June 12, 2015); see also L-7 Designs, Inc. v. Old Navy, LLC, 647 F. 3d 419, 422 (2d Cir. 2011).

Thus, it is not sufficient for Plaintiff to plead that the Film is a "series of short music videos…featuring a group [of "gangsta rappers"] named Loisaidas" (SAC ¶¶1, 45), because viewing the Film itself demonstrates that (i) it features no "gangsta rap" group named "Loisaidas" and (ii) it is not a series of music videos.[1] Likewise, it is not sufficient for Plaintiff to conclusorily allege a likelihood of confusion or actual confusion. See, e.g., Volvo North Am.

---

[1] Plaintiff submits an additional Declaration of Kyra Wagstaff, in which Wagstaff restates her opinion that the Film is a series of music videos. Initially, Wagstaff's declaration and opinion should be disregarded because: (i) there is nothing to suggest that Wagstaff (who bills herself on her personal website as an "Actress, Singer, Dancer" and "Marilyn [Monroe] Impersonator" with some work in "regional theatre," but no experience whatsoever with respect to rap music or what constitutes a "music video"; see www.kyrawagstaff.com), is remotely qualified to provide expert testimony, see, e.g., Fed. R. Evid. 702; Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579 (1993); Kumho Tire Co. v. Carmichael, 526 U.S. 137 (1999); and (ii) Ms. Wagstaff's opinion is, at best, inappropriately conclusory. See Major League Baseball Props., Inc. v. Salvino, Inc., 542 F. 3d 290, 311 (2d Cir. 2008) ("An expert's conclusory opinions are … inappropriate."). In any event, Wagstaff's testimony is unnecessary because the Film speaks for itself, see Gottlieb Dev. LLC v. Paramount Pictures Corp., 590 F. Supp. 2d 625, 630 n. 1 (S.D.N.Y. 2008), and the Court is more than capable of determining whether the Film is a series of music videos. See, e.g., Webb v. Stallone, 910 F. Supp. 2d 681, 689 n.4 (S.D.N.Y. 2012), aff'd, 555 F. App'x 31 (2d Cir. 2014).

Corp. v. Men's Int'l Prof'l Tennis Council, 687 F. Supp. 800, 813 (S.D.N.Y. 1988) ("conclusory allegations that confusion is likely to occur and three specific occasions of actual confusion…are insufficient to make out a claim…under the Lanham Act");[2] Ahmed v. GEO USA LLC, No. 14-CV-859+ (JMF), 2015 U.S. Dist. LEXIS 39679, at *10-12 (S.D.N.Y. Mar. 27, 2015) (granting motion to dismiss trademark claims because "broad statements – devoid of any factual detail – are plainly insufficient as a matter of law" to allege likelihood of confusion) (citing Volvo). Nor may Plaintiff base a conclusory allegation of "bad faith" on Defendants' alleged knowledge of Plaintiff's mark where, as here, the Film's use of "Loisaidas" was in its primary, descriptive sense. See Radio Channel Networks, Inc. v. Broadcast.com, Inc., No. 98 Civ. 4799, 1999 U.S. Dist. LEXIS 2577, at *17-19 (S.D.N.Y. March 8, 1999), aff'd, 1999 U.S. App. LEXIS 30058 (2d Cir. 1999) (knowledge of plaintiff's mark not sufficient to show bad faith, especially where defendant believed use was descriptive).[3] Those allegations represent nothing more than unsupported box-checking and, especially under the heightened "particularly compelling" standard applied to First Amendment cases such as this, are facially insufficient. See Louis Vuitton Mallatier v. Warner Bros. Entm't Inc., 868 F. Supp. 2d 172, 175 (S.D.N.Y. 2012).

---

[2] In light of Volvo, the SAC fails a fortiori because it offers zero specific instances of actual confusion, even though the Film was made available to the public seven months ago.

[3] The Radio Channel court noted that bad faith requires that the defendant adopted its mark with the "intention of capitalizing on plaintiff's reputation and goodwill and any confusion" between the parties. 1999 U.S. Dist. LEXIS 2577, at *18, quoting Lang v. Retirement Living Publ'g Co., 949 F.2d 576, 583 (2d Cir. 1991). As noted in West's moving brief, just as the court in Woodard v. Jackson, No. 1:03-cv-0844-DFH, 2004 U.S. Dist LEXIS 6292, at *3 (S.D. Ind. Mar. 25, 2004), found that it would be "absurd to suggest" that The Jackson Five would have sought to confuse the public into believing that they were buying the plaintiff's group's sound recordings, it would similarly be "absurd to suggest" here that Defendants would seek to confuse the public into believing that the Film is about or from Plaintiff's Bachata musical duo. Moreover, as the Radio Channel, 1999 U.S. Dist. LEXIS 2577, at *22, court noted, the non-trademark use of the term in question and the defendants' good faith "were amply supported by the defendants' prominent branding of their own trademarks along with the challenged phrase" (citing Cosmetically Sealed Indus., Inc. v. Chesebrough-Pond's USA Co., 125 F.3d 28, 30 (2d Cir. 1997), just as "Damon Dash Studios" is prominently and repeatedly noted as being the Film's source.

In short, Plaintiff cannot sustain his SAC by suggesting an incorrect pleading standard and by relying on conclusory allegations that are belied by the Film.[4]

## II.   A LIKELIHOOD OF CONFUSION MUST BE PARTICULARLY COMPELLING TO AVOID DISMISSAL UNDER THE *ROGERS* TEST

As set forth in West's moving brief, where the title of an expressive work has any artistic relevance to the subject matter of the work, the title must be "explicitly misleading" to sustain Lanham Act claims, Rogers v. Grimaldi, 875 F.2d 994, 990 (2d Cir. 1989), and a plaintiff must make a "particularly compelling" showing of likely confusion to satisfy the "explicitly misleading" standard.  Twin Peaks Prods., Inc. v. Publications Int'l Ltd., 996 F.2d 1366, 1379 (2d Cir. 1993).  Plaintiff's opposition effectively concedes that the Film's title is artistically relevant (see Opp. Br. at 6),[5] but nevertheless urges the Court not to apply the "particularly compelling" standard because "Defendants themselves selected the name LOISAIDAS" for their "new coined LOISAIDAS group." (Id.)

Plaintiff's argument is again dependent on the demonstrably false premise that Defendants created "music videos" featuring a "gangsta rap" group named "Loisaidas," which the Film demonstrates to be a gross mischaracterization.  Plaintiff's Opposition includes an

---

[4] Plaintiff argues that the allegations in the SAC are as sufficient as the successful allegations in C&L Int'l Trading, Inc. v. American Tibetan Health Inst., Inc., No. 13 Civ. 2638 (LLS), 2013 U.S. Dist. LEXIS 164393 (S.D.N.Y. Nov. 19, 2013) and Vantone Group LLC v. Yangpu NGT Indus. Co., No. 13CV7639-LTS-MHD, 2015 U.S. Dist. LEXIS 86653 (S.D.N.Y. July 2, 2015).  (Opp. Br. at 5-6).  However, those cases are inapposite because they involved identical underlying products. See C&L Int'l, 2013 U.S. Dist. LEXIS 164393 at *2, 10-12; Vantone, 2015 U.S. Dist. LEXIS 86653, at *7.  Here, by contrast, the use of the term "Loisaidas" as the Film's title is in no way identical to Plaintiff's use of the same term as the name of his "urban Bachata" musical group. Additionally, neither C&L Int'l nor Vantone involved artistic expression so, unlike Plaintiff here, the plaintiffs in those cases were not required to make a "particularly compelling" showing of likely confusion.

[5] Even absent Plaintiff's concession, there can be no real dispute that the title of the Film – *Loisaidas* – has significant and sufficient artistic relevance to the Film's subject matter – the lives and relationships of people in the officially-recognized "Loisaida" neighborhood of Manhattan.  See, e.g. Kensington Publ'g Corp. v. Gutierrez, No. 05 Civ. 10529 (LTS) (AJP), 2009 U.S. Dist. LEXIS 110088, at *19-21 (S.D.N.Y. Sept. 25, 2009) ("term 'Bad Boys' unquestionably has artistic relevance to the novel and two-volume anthology Defendants use it to denote. Both involve young male characters who behave badly."); Simon & Schuster, Inc. v. Dove Audio, Inc., 936 F. Supp. 156, 159, 164 (S.D.N.Y. 1996) ("no question…of some artistic relevance…" between title "The Children's Audiobook of Virtues" and subject "classic fairy tales, poems and myths to offer moral and inspirational messages").

exhibit which undermines his own "series of music videos" description. Exhibit A to the Declaration of Charen Kim, which shows that the Film is available for rent or purchase, allows a prospective viewer to "Watch Trailer." A "series of music videos," of course, does not have a trailer; *films have trailers*. (And films, not music videos, are offered for purchase or rental.)

Moreover, Plaintiff's assertion that Defendants' use of "Loisaidas" represents a "misleading title that [is] confusingly similar to other titles" (Opp. Br. at 8) is misdirected since Plaintiff's musical duo is not a "title." Accordingly, Plaintiff offers no valid argument that would permit the SAC to avoid the "particularly compelling" standard.[6]

## III.   THE TITLE "LOISAIDAS" IS NOT EXPLICITLY MISLEADING

A title is "explicitly misleading" *only* where there has been some *affirmative claim* by a defendant that the work originated with the plaintiff. See Rogers, 875 F.2d at 999-1001; DeClemente v. Columbia Pictures Indus., 860 F. Supp. 30, 52 (E.D.N.Y. 1994); see also Virag, S.R.L. v. Sony Computer Entm't Am. LLC, No. 3:15-cv-01729-LB, 2015 U.S. Dist. LEXIS 111211, at *39 (N.D. Cal. Aug. 21, 2015) (explicitly misleading requirement means that "a defendant must give an explicit indication or make an overt claim or explicit misstatement that causes consumer confusion") (citation & quotation omitted); Fortres Grand Corp. v. Warner Bros. Entm't, Inc., 947 F. Supp. 2d. 922, 932 (N.D. Ind. 2013), aff'd, 763 F.3d 696 (7th Cir. 2014); Valencia v. Universal City Studios LLC, No. 1:14-cv-00528-RWS, 2014 U.S. Dist. LEXIS 174644, at *20-22 (N.D. Ga. Dec. 18, 2014); Dillinger, LLC v. Electronic Arts, Inc., No. 1:09-

---

[6] Plaintiff's attempt to factually distinguish Cummings, DeClemente, and Lemme (Opp. Br. at 9-10), is irrelevant. Regardless of any factual distinctions, those cases incontrovertibly stand for the following propositions that support dismissal on First Amendment grounds: (i) with respect to Cummings, that proper attribution will undermine a claim that a title is explicitly misleading, see Cummings v. Soul Train Holdings LLC, 67 F. Supp. 3d 599, 606 (S.D.N.Y. 2014); (ii) with respect to DeClemente, that explicitly misleading titles typically contain overt misattribution, see DeClemente v. Columbia Pictures Indus., 860 F. Supp. 30, 52 (E.D.N.Y. 1994); and (iii) with respect to Lemme, that "finding of likelihood of confusion must be particularly compelling to outweigh [Defendant's significant] First Amendment interest" recognized in Rogers. Lemme v. NBC, 472 F. Supp. 2d 433, 446 (E.D.N.Y. 2007) (citation & quotations omitted; brackets in original).

cv-1236-JMS-DKL, 2011 U.S. Dist. LEXIS 64006, at *22-23 (S.D. Ind. June 16, 2011);

Roxbury Entm't v. Penthouse Media Group, Inc., 669 F. Supp. 2d 1170, 1176 (C.D. Cal. 2009).[7]

Here, where there has been no explicit misattribution to Plaintiff, and *the Film is prominently and repeatedly credited to "Damon Dash Studios"* (see, e.g., Cummings v. Soul Train Holdings LLC, 67 F. Supp. 3d 599, 606 (S.D.N.Y. 2014)), there can be no plausible claim that the Film's title *Loisaidas* is affirmatively or explicitly misleading. Thus, the second prong of the Rogers test is also satisfied. Plaintiff's opposition conspicuously fails to make *any* effort to address Rin Tin Tin, Inc. v. First Look Studios, Inc., 671 F. Supp. 2d 893, 901 (S.D. Tex. 2009), in which the court dismissed the plaintiff's Lanham Act claims because the defendants' use of the term "Rin Tin Tin" referred to the content of their film, not its source. The defendants' film listed the defendant film studios as its source, just as "Damon Dash Studios" is listed as the Film's source in the present case. See also Arrow Prods., Ltd. v. Weinstein Co., 44 F. Supp. 3d 359, 373 (S.D.N.Y. 2014); Louis Vuitton Mallatier S.A., 868 F. Supp. 2d at 181; Stewart Surfboards v. Disney Book Grp., No. 10-cv-2982 (GAF SSx), 2011 U.S. Dist. LEXIS 155444, at *27-28 (C.D. Cal. May 11, 2011).[8]

Plaintiff argues that his claims should not be dismissed without a factual evaluation of the Polaroid factors to determine whether the Film's title is likely to confuse consumers (Opp. Br. at 2, 3, 6, 7, 9, 10, 11, 12), but where, as here, the plaintiff has not plausibly alleged facts that could support a finding of likelihood of confusion under the applicable standard (here, the "particularly

---

[7] Plaintiff argues that Roxbury, Woodard, and Dillinger "follow different standards," (Opp. Br. at 12-14), but that is patently incorrect, since in each the court applied the Rogers First Amendment test at issue here.

[8] Plaintiff urges the Court to let him take discovery (Opp Br. at 11-12), but given the extremely high bar for explicit misattribution, there is "no amount of discovery [that] will tilt the scales in favor of the mark holder at the expense of the public's right to free expression." Louis Vuitton, 868 F. Supp. 2d at 184. Moreover, Plaintiff cannot avoid dismissal merely by making vague and conclusory arguments that discovery will support his otherwise insufficient and implausible allegations. See Technomarine SA, 905 F. Supp. 2d at 487 (Forrest, J.). Indeed, Plaintiff's own examples of Defendants' "same or similar" use of the term "Loisaidas" in connection with the Film (Exs. C and D to the SAC) demonstrate that there can be no question that the Film is explicitly attributed to Defendants.

compelling" standard), courts can determine that a plaintiff cannot meet this standard and dismiss a complaint as a matter of law.  See, e.g.,  LBF Travel v. Fareportal, Inc., No. 13-CV-9143 (LAK)(GWG), 2014 U.S. Dist. LEXIS 156583, at *25 (S.D.N.Y. Nov. 5, 2014) (Rule 12 dismissal of trademark claim appropriate where "'no reasonable factfinder could find a likelihood of confusion on any set of facts that plaintiff could prove'") (quoting Brown & Brown, Inc. v. Cola, 745 F. Supp. 2d 588, 617 (E.D. Pa. 2010)); Virag, 2015 U.S. Dist. LEXIS 111211, at *33 (there is "no problem with the district court deciding this issue [the second prong of the Rogers test] in response to a motion to dismiss") (citation & quotations omitted; brackets in original).[9]

Indeed, courts in this circuit frequently dismiss trademark claims with only cursory consideration of the Polaroid test where the plaintiff has not, and cannot, set forth plausible factual allegations sufficient to support a likelihood of consumer confusion – much less the particularly compelling showing that is required in the First Amendment context here.  See Louis Vuitton Mallatier, 868 F. Supp. 2d at 182; see also Technomarine S.A., 905 F. Supp. 2d at 489 (Rule 12 dismissal of trademark claim where plaintiff did not allege plausible facts supporting the elements of the Polaroid test); see also Ahmed, 2015 U.S. Dist. LEXIS 39679, at *8-12 (Rule 12 dismissal of trademark claims where plaintiff alleged only "broad statements – devoid of any factual detail"); Boarding Sch. Review, LLC v. Delta Career Educ. Corp., 11-Cv-8921(DAB), 2013 U.S. Dist. LEXIS 48513, at *15-16 (S.D.N.Y. Mar. 29, 2013) (Rule 12 dismissal where allegations of likelihood of confusion failed to rise "above the speculative level"); deVere Group GmbH v. Opinion Corp., 877 F. Supp. 2d 67, 71 (E.D.N.Y. 2012) (Rule 12 dismissal finding that "a court should focus on the ultimate question of whether consumers are likely to be confused")

---

[9] In this case, the undisputed widespread use of "Loisaida" dooms Plaintiff's claim on the first and arguably most important Polaroid factor here – the strength of the mark – because it makes Plaintiff's alleged mark extremely weak.

(citation & quotation omitted); Naked Cowboy v. CBS, 844 F. Supp. 2d 510, 517-18 (S.D.N.Y. 2012) (Rule 12 dismissal of trademark complaint that contained "no allegations of actual confusion."); Volvo North Am. Corp., 687 F. Supp. at 813 (Rule 12 dismissal where complaint contained only "conclusory allegations that confusion is likely to occur..." and "no allegations regarding [the likelihood of confusion] factors").

The same result is appropriate here because Plaintiff's allegations are both conclusory and directly contradicted by the Film itself. See Matusovsky v. Merrill Lynch, 186 F. Supp. 2d 397, 400 (S.D.N.Y. 2002) (allegations contradicted by document considered in determining Rule 12 motion are insufficient to defeat motion); Rapoport v. Asia Elecs. Holding Co., 88 F. Supp. 2d 179, 184 (S.D.N.Y. 2000) (documents contradicting allegations in complaint control). Thus, as in Louis Vuitton, Plaintiff's claims of confusion are "not plausible, let alone 'particularly compelling,'" 868 F. Supp. 2d at 182, the second prong of the Rogers test is satisfied in West's favor, and Plaintiff's trademark claims should be dismissed. See E.S.S. Entm't 2000, Inc. v. Rock Star Videos, Inc., 547 F.3d 1095, 1100 (9th Cir. 2008).[10]

## IV.    THE TITLE "LOISAIDAS" CONSTITUTES STATUTORY FAIR USE

As the Second Circuit noted 20 years ago, statutory fair use "protects the right of society at large to use words or images in their primary descriptive sense, as against the claims of a trademark owner to exclusivity." Car-Freshner Corp. v. S.C. Johnson & Son, 70 F.3d 267, 269 (2d Cir. 1995). The fair use defense applies here because both the content and title of the Film use "Loisaidas" in its primary and descriptive sense – to refer to the Latino Lower East Side and

---

[10] Plaintiff conclusorily asserts, with no support, that "a music video clip is [not] subject to the particularly compelling standard." (Opp Br. at 15). As set forth above, the Film is clearly not a "music video." Nevertheless, a music video constitutes speech entitled to the full protections of the First Amendment. See, e.g., Navab-Safavi v. Broadcasting Bd. of Governors, 650 F. Supp. 2d 40, 55 (D. D.C. 2009), aff'd, 637 F.3d 311 (2011); see, generally LaChapelle v. Fenty, 812 F. Supp. 2d 434 (S.D.N.Y. 2011) (treating music video as a mean of artistic expression); Montgomery v. Montgomery, 60 S.W.3d 524, 529 (Ky. Sup. Ct. 2001) ("[m]usic videos are in essence mini-movies that often require the same level of artistic and creative input ... as is required in the making of motion pictures" and they are entitled to First Amendment protection).

its inhabitants – and not in the trademark sense for which Plaintiff chose to adopt this preexisting

and widely-used term.  Significantly, the Second Circuit also held that a plaintiff assumes the

risk of some confusion when he selects a mark with such "descriptive attributes" and "fair use

permits others to use a protected mark to describe aspects of their own goods." Id. at 270.  (Thus,

Plaintiff's assumption of this risk disposes of his conclusory allegations of confusion and his plea

for a Polaroid analysis.)

Although Plaintiff suggests that a fair use defense is "inappropriate to resolve on a

motion to dismiss" (Opp. Br. at 15 (citing Kelly-Brown v. Winfrey, 717 F.3d 295, 308 (2d Cir.

2013)),  the Second Circuit has explicitly acknowledged that "[a]ffirmative defenses [such as fair

use] may be adjudicated at [the dismissal] stage in the litigation … where the facts necessary to

establish the defense are evident on the face of the complaint."[11]  Kelly-Brown, 717 F.3d at 308

(citation omitted); see also Hensley Mfg. v. ProPride, Inc., 579 F.3d 603, 613 (6th Cir. 2009)

(collecting circuit court cases).  Thus, it is entirely appropriate to consider the statutory fair use

defense on a Rule 12 motion where, as here, the descriptive nature of the use is evident from the

Film itself.[12]

Plaintiff's arguments that the fair use defense is unavailable because (i) Plaintiff's alleged

"Loisaidas" mark is arbitrary, (ii) the mark was used by Defendants in bad faith, and (iii) there is

actual confusion between Plaintiff's mark and the Film (Opp. Br. at 17) are baseless.  First,

whether Plaintiff's mark is arbitrary, descriptive or suggestive is irrelevant, because "[w]hat

matters is whether the *defendant* is using the protected word or image descriptively." Car-

---

[11] Here, that would include the Film itself, which is the subject of and integral to the SAC.

[12] Plaintiff's citation to Merck & Co. v. Mediplan Health Consulting Inc., 425 F. Supp. 2d 402, 412-413 (S.D.N.Y. 2006) and M. Shanken Comm'ns, Inc. v. Cigar500.com, No. 07 Civ. 7371 (JGK), 2008 U.S. Dist. LEXIS 51997, at *30-31 (S.D.N.Y. July 7, 2008), is  unavailing on this point.  The fair use defense failed in those cases not because it was procedurally improper or premature, but rather because the pleadings were insufficient to determine that the defendants' uses were primarily descriptive.  Here, by contrast, the content of the Film – which is integral to the SAC – establishes that the title *Loisaidas* is primarily descriptive of the subject and content of the Film.

Freshner, 70 F.3d at 269 (emphasis in original). Second, because Defendants had the right to use "Loisaidas" descriptively, bad faith may not be inferred from their having done so.[13] Id. at 270. Finally, Plaintiff's "[t]hreadbare" and "conclusory statements" about confusion are insufficient. Technomarine SA, 905 F. Supp. 2d at 487  A review of the Film's contents demonstrates that its use of "Loisaidas" as its title represents a non-actionable fair use and, for that independent reason, Plaintiff's trademark claims should be dismissed.[14]

## V.    PLAINTIFF'S STATE LAW CLAIMS ALSO SHOULD BE DISMISSED

West demonstrated to the Court in his moving brief why Plaintiff's state law claims, which rely on identical allegations, should be dismissed on the same grounds as Plaintiff's federal trademark claims. See Louis Vuitton, 868 F. Supp. 2d at 184; see also Charles Atlas, Ltd. v. DC Comics, Inc., 112 F. Supp. 2d 330, 341 (S.D.N.Y. 2000). Plaintiff does not dispute this point in his opposition to West's motion.

Dated: New York, New York
       October 23, 2015

---

[13] West was actually not involved in the making of the Film, but the SAC's allegations regarding his role are assumed for the purpose of this motion only.

[14] Plaintiff claims that West "seeks to bolster his fair use argument by asserting...that his use of LOISAIDAS is somehow similar to the 'transformative work' *Lovelace*..." (Opp. Br. at 16 (citing Arrow Prods., Ltd., 44 F. Supp. 3d at 368). However, West's moving brief did not cite Arrow, in its fair use argument. Rather, West cited Arrow as an example of a case where trademark claims were dismissed because the allegations of likelihood of confusion were, like Plaintiff's allegations here, simply implausible and insufficient under the federal pleading standard as set forth in Ashcroft, 556 U.S. 662. In attempting to distinguish Arrow in his opposition, Plaintiff confuses the copyright concept of transformative fair use and the statutory trademark concept of descriptive fair use. Thus, Plaintiff's argument that the Film neither "refers, parodies, recreates, mentions or even alludes" to Plaintiff's musical group is irrelevant, because those transformative characteristics are not required to satisfy the safe harbor for descriptive fair use of a trademark provided by 15 U.S.C. § 1115(b)(4).

Respectfully submitted,

PRYOR CASHMAN LLP

_____
Brad D. Rose
Tom J. Ferber
Dyan Finguerra-DuCharme
7 Times Square
New York, New York 10036
Telephone: (212) 421-4100
Fax: (212) 326-0806
brose@pryorcashman.com
tferber@pryorcashman.com
dfinguerra-ducharme@pryorcashman.com

*Attorneys for Defendant Kanye West*